IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 4, 2009 Session

# IN RE:  I.M.P., A CHILD UNDER THE AGE OF EIGHTEEN YEARS, J.J.A., Petitioner/Appellant, v. M.P., ET AL., Respondents/Appellees

**Appeal from the Juvenile Court for Anderson County**
**No. J-26982     Hon. April Meldrum, Judge**

---

**No. E2008-02695-COA-R3-JV  - FILED MARCH 8, 2010**

---

Petitioner brought this action in Juvenile Court to establish paternity and set co-parenting time with the child.  The mother answered and, as an affirmative defense, averred that the father had signed a waiver of his parental right and cited the statutes stating that a waiver of parental rights could not be revoked.  The Trial Court appointed a guardian ad litem, and the sole issue tried by the Trial Court was whether the waiver should be voided on the grounds that the father had signed the waiver under duress and undue pressure.  The Trial Judge found that the father failed to carry the burden of proof to establish by clear and convincing evidence that he signed the waiver of interest and notice due to fraud, duress or intentional misrepresentation.  On appeal, we affirm the Judgment of the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

James R. LaFevor, Knoxville, Tennessee, for the appellant, J.J.A.

Theodore Kern, Knoxville, Tennessee, for the appellee, M.P.

Laura S. Hash, Clinton, Tennessee, Guardian ad Litem.

# OPINION

J.J.A. filed a Petition to Establish Paternity and Set Co-Parenting Time, alleging that he and respondent, M.P., were parents of I.M.P., d.o.b. 7/28/08. He alleged that he had been intimate with respondent (hereinafter "mother") and that she had advised him when pregnant that the child was his. He further alleged the mother had told him that she intended to surrender her rights to the child and place the child for adoption. The father stated that he signed a waiver with Bethany Christian Services stating that he would surrender his rights to the child, but he did so only because he was under extreme duress from the mother and her parents.

He asked for DNA testing to show that he was the father of the child, and due to duress, he asked that the waiver he signed be voided.

The Trial Court entered an Interim Order stating that Bethany Christian Services should be added as a party, and ordered the parties to submit to DNA testing, and also entered an Order appointing a guardian ad litem.

The mother answered, and stated that she advised the father that he might be the father, but potentially another could be. She averred the father voluntarily signed a waiver of his parental rights, denied any coercion, and the father's only voiced concern about signing anything was to make sure the mother was not conspiring with her relatives to hold him liable for child support or medical bills. Further, that he was not the fit and proper person to have custody of the child, and that she had revoked her previous surrender of the child, and asked for custody of the child.

The Court then entered an Interim Order, stating that DNA testing showed the father to be the biological father of the child, and setting the case for an evidentiary hearing on October 28, 2008.

After several witnesses testified, the Trial Court entered an Order on October 29, 2008, which in pertinent part states:

> Upon a hearing on the 28th day of October, 2008, the Court heard the issue involving the above named parties regarding whether or not the Waiver of Interest and Notice executed by the biological father, . . . would be set aside by the Court.
>
> The parties agreed that issues regarding custody and the like were secondary to the determination of the possible revocation of the Waiver of Interest and Notice and thus, <u>it was on that issue alone that the Court took up testimony.</u> (Emphasis ours).

After the Court reviewed much of the evidence offered, the Court ruled:

> Although the father did not have a desire to place his child for adoption and he was suffering from some external and improper pressure by the mother and her parents, this Court cannot

find by clear and convincing evidence that he was bereft of free will at the time of the signing of the Waiver of Interest and Notice.

This Court finds that the duress was negated by his experience, consult with others, time spent at the facility and multiple trips thereto, his knowledge that he was free to leave and most telling to this Court, his own internal pressure to sign the Waiver of Interest and Notice to reunite with the child's Mother.

. . .

Although the Court does have concern about the conduct of the Mother, her parents and the adoption agency in this case, the Father still has the burden of proof to establish by clear and convincing evidence that he signed the Waiver of Interest and Notice due to fraud, duress or intentional misrepresentation.

The Father indicated at the beginning of the hearing that he signed the Waiver of Interest and Notice based solely on duress and that he was not attempting to revoke the Waiver due to fraud or intentional misrepresentation.

. . .

Although the Mother is the prevailing party in this matter, the filing of the same was not fraudulent, frivolous and did have sufficient merit to have been brought. Furthermore, the conduct of the Mother contributed greatly to the action and thus, the costs of the cause will be split by the Mother and the Father and the attorneys' fees of the Guardian ad Litem, Laura Hash, shall be split between the Mother and the Father.

Custody of . . . [the child] is hereby awarded to . . . [the Mother].

The father has appealed and raises these issues:

1. Whether the father's filing of a voluntary acknowledgment of paternity before the entry of a final order of adoption as allowed by Tenn. Code Ann. §36-1-111(w), superseded his waiver?

2. Whether there is clear and convincing evidence that father was coerced and intimidated into signing a waiver of interest?

The Trial Court's Judgment demonstrated that by agreement of the parties the only issue where evidence was given and tried by the Trial Court was the issue of the waiver, and we pretermit the first issue raised by the father because this issue by agreement was not tried in the Trial Court. *See* Rule 36, Tenn. R. App. P.

We discuss the second issue as to the validity of the waiver of interest. The operative part of the waiver signed by J.J.A. provides:

I AM NOT NECESSARILY ADMITTING OR SAYING THAT I AM THE FATHER OF THIS CHILD, BUT IF I AM, I DO NOT WISH TO PROVIDE CARE [sic] THIS CHILD. I feel it would be in the child's best interest for this adoption to occur, or for other custody or guardianship proceedings occur in the child's best interests. I hereby formally waive any right to notice of the legal proceedings: to adopt this child; to otherwise make this child available for adoption; or to award the child's legal custody or guardianship to other persons or agencies. I HEREBY FORMALLY WAIVE ANY FURTHER PARENTAL RIGHTS TO THIS CHILD. I AM SIGNING THIS DOCUMENT TO FINALLY TERMINATE MY RIGHTS, IF I HAVE ANY RIGHTS, TO THIS CHILD, UPON ENTRY OF A FINAL ORDER OF ADOPTION FOR THIS CHILD.

The record is silent about whether any adoption is now pending. However, the Court awarded custody of the child to the mother.

The father argues that by filing the action he voluntarily acknowledged paternity of the child, and since no adoption order had been entered, this supersedes his waiver of interest pursuant to the statute. The mother argues the father's waiver is irrevocable as the statute explicitly states, and that the statutory provisions regarding an acknowledgment of paternity only apply to the duty of support.

The statute provides that an "alleged biological father" may execute a waiver of interest and notice, under oath, and that this serves to waive that father's interest in the child as well as his right to notice of any proceedings regarding the child's adoption or custody. The alleged father is thereafter not required to be made a party to any proceedings regarding the child nor receive notice thereof. Tenn. Code Ann. §36-1-111(w)(1). The statute explicitly states that the "waiver may not be revoked." *Id.*

In this case the father filed a paternity action, rather than it being filed "against" him, and the record does not show that he has executed a voluntary acknowledgment of paternity in the form generally prescribed by Tenn. Code Ann. §68-3-305(b).

Finally, the father insists that he proved by clear and convincing evidence the waiver was signed only as a result of duress, but the evidence does not preponderate against the Trial Court's finding that the father failed to establish any duress that would form a basis to void the waiver of interest and notice. Tenn. R. App. P. 13(d).

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the petitioner, J.J.A.

_____
HERSCHEL PICKENS FRANKS, P.J.

-4-